## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **CHERYL LANIGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 11 C 3266** |
| **v.** ) | |
| ) | **Magistrate Judge Nan R. Nolan** |
| **P.O. THOMAS BABUSCH #105 and** ) | |
| **the VILLAGE OF HOMETOWN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

On October 10, 2011, Plaintiff filed a Motion to Compel. In her Motion, Plaintiff seeks an order compelling Defendants to provide full responses to Interrogatory Nos. 11, 14, 15 and 20, and Production Requests 8 and 19–22. For the reasons stated below, the Motion is granted in part and denied in part.

## I. BACKGROUND

On May 16, 2011, Cheryl Lanigan filed a civil rights complaint, alleging § 1983 claims of excessive force and false arrest and a state law claim of battery against Thomas Babusch. (Compl. 1–4.) The Complaint also asserts a claim of indemnification against the Village of Hometown. (*Id.* 5.) At all relevant times, Babusch was a police officer with the Hometown Police Department. (*Id.* 2.)

On June 29, 2010, the police were called to Plaintiff's residence in Hometown after an altercation started between some of her guests. (Compl. 2.) Babusch was one of the officers who arrived on the scene. (*Id.*). Plaintiff alleges that without provoca-

tion, Babusch "attacked" her, throwing her on a car and slamming her to the ground. (*Id.*) She also contends that to cover up the unlawful and excessive force, Babusch arrested her without probable cause that she had committed any crimes. (*Id.* 3.)

## II. DISCUSSION

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Thus, the "requested discovery must be tied to the particular claims at issue in the case." *Sykes v. Target Stores*, 2002 WL 554505, at *3 (N.D. Ill. Apr. 15, 2002); *see Moore v. Morgan Stanley & Co., Inc.*, 2008 WL 4681942, at *2 (N.D. Ill. May 30, 2008). A party may move to compel discovery where another party fails to respond to a discovery request or where the response is evasive or incomplete. Fed. R. Civ. P. 37(a)(3)–(4).

"In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted); *see Cannon v. Burge*, 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010) ("The federal discovery rules are liberal in order to assist in trial preparation and settlement."); *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process" and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450; *accord Cannon*, 2010 WL 3714991, at *1. As with all discovery

matters, the Court has broad discretion whether to compel discovery. *See Kodish*, 235 F.R.D. at 450.

## A. Interrogatory No. 11

Interrogatory No. 11 inquires about Babusch's employment history with other law enforcement agencies. (Mot. Ex. 1 at 4.) Defendants object that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*; Resp. 2.)

Plaintiff's request to compel an answer to Interrogatory No. 11 is **GRANTED**. The Court finds that Defendant's employment history with other law enforcement agencies appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Defendant's employment files from previous employers likely contain disciplinary records. Defendant's disciplinary records "are discoverable because evidence of other 'bad acts' may be relevant to establishing one of the permissible matters under Rule 404(b)." *Lepianka v. Village of Franklin Park*, 2004 WL 626830, at *1 (N.D. Ill. March 26, 2004); *see* Fed. R. Evid. 404(b) ("bad acts" evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

## B. Interrogatory Nos. 14, 15 and 20

Interrogatory Nos. 14, 15 and 20 ask if Babusch has ever been a defendant in a civil or criminal trial; if Defendant has ever been the subject of investigation by any law enforcement agency; and whether an order of protection has ever been entered against Defendant. (Mot. Ex. 1 at 4–6.) Defendants object to these requests as

overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*; Resp. 2–3.)

Plaintiff's requests to compel an answer to Interrogatory Nos. 14, 15 and 20 are **GRANTED**. The Court finds that the history of complaints made against Babusch—whether as a defendant in a civil or criminal trial, the subject of investigation by a law enforcement agency, or by the entry of a protective order—appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff has made a claim for excessive force and battery in this case, and any evidence of violent behavior or anger response issues may be admissible under Rule 404(b).

## C. Request for Production No. 8

Request for Production No. 8 seeks Babusch's personnel files during his employment with the Village of Hometown. (Mot. Ex. 2 at 2.) Defendants have agreed, pursuant to an agreed protective order, to provide to Plaintiff any prior complaints and disciplinary actions against Babusch. (Resp. 4.) Further, Babusch provided a verified answer to Interrogatory No. 1 wherein he stated that he left in good standing from his Village of Hometown employment. (*Id.* 3–4.) However, Defendants contend that the remainder of Babusch's personnel file is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Mot. Ex. 2 at 2; *see* Resp. 3–4.)

Plaintiff's request to compel a response to Request for Production No. 8 is **GRANTED**. The Court finds that Babusch's personnel file during his employment

with the Village of Hometown appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff is entitled to verify the circumstances under which Defendant's employment with the Village of Hometown was terminated. Plaintiff is also entitled to review the information evaluated by the Village of Hometown when it hired Defendant. Clearly, the information in Defendant's personnel file may lead to admissible evidence to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b); *see Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) ("The personnel files and complaint histories of the individual defendant officers are relevant for purposes of discovery.").

## D. Request for Production Nos. 19 and 20

Request for Production Nos. 19 and 20 seek materials regarding Hometown Police Department's policies concerning officers' use of force and the procedures governing obtaining medical attention for injured detainees. (Mot. Ex. 2 at 3–4.) Defendants object that the requests are overly broad, unduly burdensome, irrelevant, outside the scope of Plaintiff's Complaint and are not reasonably calculated to lead to discovery of admissible evidence. (*Id.*; Resp. 6.)

Plaintiff's request to compel a response to Request for Production Nos. 19 and 20 is **DENIED**. Plaintiff alleges only an indemnification claim against Hometown; she has not pled a *Monell* claim against the Village. Violations of department policy or procedures are not relevant to the excessive force claim against Babusch. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) ("In other words, the violation

of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").[1]

## E. Request for Production No. 21

Request for Production No. 21 seeks materials pertaining to other individuals that were arrested with Plaintiff during the June 29, 2010 incident. (Mot. Ex. 2 at 4.) Defendants object that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*; Resp. 6.)

Plaintiff's request to compel a response to Request for Production No. 21 is **GRANTED**. The Court finds that the arrest reports for the other individuals arrested during the June 29, 2010 incident appear reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The altercation between Plaintiff and Defendant occurred after Defendant arrested two guests at Plaintiff's residence. (Compl. 2; Reply 4.) "Plaintiff alleges that after she inquired of the Defendant as to why these individuals were being arrested, the Defendant threw her against a car and then to the ground." (Reply 4.) Clearly, the arrest reports may contain information relevant to Plaintiff's excessive force claim or statements that could be used for impeachment or to refresh recollection.

---

[1] Plaintiff distinguishes these cases because they involved admissibility of evidence at the summary judgment or trial stage and not, as is the case here, whether the information is discoverable. (Reply 4.) Regardless, Plaintiff offers no theory as to how Hometown's policies or procedures could lead to the discovery of admissible evidence.

### F.  Request for Production No. 22

Request for Production No. 22 seeks Babusch's state and federal income tax returns. (Mot. Ex. 2 at 4.) Plaintiff argues that the returns are "relevant to [her] punitive damages claim as they show both the Defendant's income as well as other source of his income aside from any salary derived from his employment." (*Id.* 6.) Defendants object that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*; Resp. 6–7.) They contend that the returns do not demonstrate Babusch's net worth and that punitive damages are not awarded proportionally to a defendant's wealth. (*Id.* 6.)

Plaintiff's request to compel a response to Request for Production No. 22 is **DENIED** without prejudice. A party's net worth is discoverable where punitive damages are at issue. *See Challenge Aspen v. King World Prods. Corp.*, 2001 WL 1403001, at * 3 (N.D. Ill. Nov. 9, 2001). But in order to compel discovery of a party's net worth, the opposing party cannot "merely rely on broad, conclusory allegations in the complaint." *Salstone v. Gen. Felt Indus.*, 1986 WL 13738, at *2 (N.D. Ill. Dec. 4, 1986); *see Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983) ("Merely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice. The complaint must allege a set of circumstances which will demonstrate to the Court at least a real possibility that punitive damages will be at issue."). Here, in her Complaint, Plaintiff seeks punitive damages on the broad and conclusory allegation that Babusch's conduct was intentional, malicious, willful and wanton. Accordingly, the Court finds it more appropriate to postpone such dis-

covery until it appears that Defendants will be liable for punitive damages. *See Ma-kowski v. SmithAmundsen LLC*, 2010 WL 3172476, at *3 (N.D. Ill. Aug. 11, 2010) (postponing discovery of revenue information until after summary judgment decided); 6 *Moore's Federal Practice* § 26-41[8][c], at 26-176 (3d ed. 2011) (observing that "[s]ome courts . . . have deferred discovery of the defendant's financial information until it appears that the defendant will be liable for punitive damages"); *see also Platcherr v. Health Prof'ls, Ltd.*, 2007 WL 2772855, at * 3 (C.D. Ill. Sept. 18, 2007) (Only Defendants' *current* assets and liabilities are relevant to the punitive damages claims against them, and the documents requested far exceed what is necessary to establish those figures.").

## III. CONCLUSION

Plaintiffs Motion to Compel [20] is **GRANTED IN PART AND DENIED IN PART**. Defendants shall provide complete responses, without objections, to Interrogatory Nos. 11, 14, 15 and 20, and shall produce materials responsive to Request for Production Nos. 8 and 21 subject to the entry of a protective order. Defendants shall redact personal information such as home addresses, social security numbers, phone numbers, and names of family members.

E N T E R :

Dated: October 27, 2011

_____
NAN R. NOLAN
United States Magistrate Judge