HP

138/11-2762.WG

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHERYL LANIGAN, )
)
    Plaintiff, )
)
Vs. )    NO:   1:11-CV-3266
)
P.O. THOMAS BABUSCH #105, Individually, )    Judge John A. Nordberg
and the VILLAGE OF HOMETOWN, a )
municipal corporation, )    Magistrate Nan R. Nolan
)
    Defendants. )

## AGREED PROTECTIVE ORDER

The parties being in agreement and the Court having found good cause for a protective order, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ordered that:

1. This order protects all confidential material, as defined herein, contained in documents, records and other materials, including all copies, excerpts or notes thereof, which may be produced pursuant to any pending or future discovery requests.

2. "Confidential Material" shall mean information pertaining to personal addresses, personal telephone numbers, social security numbers, employment, medical, discipline or personnel files, civilian complaints or other information of a sensitive or non-public nature regarding Defendants, non-party civilian witnesses and non-party employees of the Village of Hometown, as well as any personal information that would identify persons who have made complaints of misconduct to the Hometown Police Department, the Office of Professional Standards, the Independent Police Review Authority, or the Internal Affairs Department, and any medical records contained in files generated by the investigation of those complaints that may be subject to discovery in this action.

3. The confidential material described above, and the information contained therein shall be marked "Confidential" and shall not be disclosed in any manner except to: (i) the Court, (ii) the parties, (iii) the attorneys of record in this action and their staff members; (iv) persons employed by attorneys of record in this litigation for the purpose of assisting in the preparation of this litigation for trial, such as any experts, (v) stenographers or court reporters in connection with the recording of sworn deposition and/or trial testimony; (vi)

any deponent or person who has been noticed for a deposition in this case; and (vii) persons authorized by the Court upon application of either party.

4.  Before disclosing confidential material to any person in paragraph 3 (iv), 3(vi), and 3(vii), counsel for the party tendering such material shall first receive from the intended recipient a written and signed declaration that he or she received a copy of this order and agrees to abide by its terms. A copy of the declaration shall be served upon the opposing counsel at least seven (7) days before disclosure or delivery of confidential material to the intended recipient. Deponents may be shown confidential material if they acknowledge under oath on the record during a deposition that they have read this protective order and agree to abide by its terms. Counsel need not obtain written acknowledgment from a deponent or serve any notice upon opposing counsel seven (7) days before disclosure or delivery of confidential material to a deponent during a deposition.

5.  In the event that anyone wishes to prohibit access of confidential material to an intended recipient as set out in paragraph 4, above, that party shall serve opposing counsel with a motion to prohibit access to the specific information or documents identified within seven (7) days of receiving notice of the intended production. Opposing counsel shall not disclose any of the subject confidential materials to the intended recipient until the Court rules on the motion to prohibit access.

6.  Nothing in this order prevents or precludes either party from attempting to introduce any confidential material into evidence at trial. The attorneys of record and their employees or agents are entitled to make copies of confidential material.

7.  The confidential material disclosed by any party will be used solely for this lawsuit, and will not be used for any other purpose, including, but not limited to, any commercial or personal use thereof. The parties shall hold confidential material and the information obtained from such confidential material in the strictest confidence.

8.  Confidential material or information which is derived from confidential material may be used for any and all aspects of this litigation, including but not limited to, use in motions, depositions, pre-trial discovery, trial, exhibits and motions, deposition exhibits, or trial exhibits, or in any other pleading or document filed with the Clerk of the Court. Nothing in the order shall be construed to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

9.  If any confidential materials or any papers which attach documents containing such confidential material or include or contain information subject to this order, are filed in this case, whether with the Clerk of the Court or in chambers, as part of a motion, brief,

memorandum, or other pleading, all confidential materials shall be removed prior to the filing of such papers. No party may file confidential material under seal without prior order of court specifying the particular document or portion of a document that may be filed as restricted. However, if any identified confidential material is necessary or relevant for the Court's determination, thereby requiring disclosure to the Court, then the documents shall be filed with the Clerk of the Court in sealed envelopes. The sealed envelope shall be accompanied by a cover sheet which shall include the following:

(a)     The caption of the case including the case number;

(b)     The title Restricted Document Pursuant to LR 26.2;

(c)     A statement indicating the document is filed as restricted in accordance with a court order.

The Clerk of the Court is hereby directed to hold in a sealed envelope marked Restricted Document Pursuant to LR 26.2 so as to safeguard their confidential nature, the sealed documents and any transcripts or other related documents, filed in this case, and make those materials available only as authorized by the Court.

10.     The parties to this lawsuit each have the right to challenge the designation of confidential material filed under seal as specifically set forth in paragraph 16 below.

11.     Notwithstanding the above, an interested member of the public may challenge the filing of confidential information under seal, and in the unlikely event of such a challenge, the party or parties asserting confidentiality have the burden of proving that the material should be filed under seal.

12.     Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the confidential material shall continue to be binding upon any attorneys of record, their employees, the parties herein, their officers and employees, witnesses and experts.

13.     Within 60 days of the conclusion of this lawsuit, the confidential material produced by any party and all copies of confidential material made by counsel, except those filed with the District Court, shall be returned to counsel who produced the material, or shall be destroyed by the recipient of confidential material with a written statement of counsel stating that all confidential material received by that party has been destroyed.

14.     Within 60 days of the conclusion of the District Court litigation, the parties may obtain the return of any previously-sealed or previously-restricted documents from the Clerk of the Court by motion. Confidential matter not retrieved by counsel within 60 days of the

L:\Main27\2762\Orders\Protective Order.draft.wpd          3

conclusion of this District Court litigation from the Clerk of the Court shall become part of the public case file.

15.     Insofar as the provisions of this Protective Order restrict the disclosure of information derived from confidential materials, such restrictions shall continue to be binding after the conclusion of this litigation.

16.     If there is a disagreement among the parties regarding a designation of a document as "confidential" or those persons who may review "confidential material" or any other disagreement among the parties regarding the terms or conditions of this order, the parties shall treat such a disagreement as a discovery dispute and shall follow Federal Rule of Civil Procedure 37 before filing a pleading with the Court. In the event of a challenge by one party to the other party's designation of a document as "confidential", the party asserting confidentiality has the burden of proving that the material should be filed under seal.

Order Entered: 11 · 8 · 2011

Nan R. Nolan
Magistrate Judge

L:\Main27\2762\Orders\Protective Order.draft.wpd          4